# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DIANE MCINNES**, | Case No. 6:16-cv-272-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **NANCY A. BERRYHILL**,[1] Commissioner of Social Security, | |
| Defendant. | |

Katherine L. Eitenmiller and Mark A. Manning, HARDER, WELLS, BARON & MANNING, P.C., 474 Willamette, Suite 200, Eugene, OR 97401. Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Janice E. Hebert, Assistant United States Attorney, UNITED STATES ATTORNEYS OFFICE, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97201-2902; Erin F. Highland, Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-7075. Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Diane McInnes ("Plaintiff") seeks judicial review of the final decision of the

Commissioner of the Social Security Administration ("Commissioner") denying her application

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

PAGE 1 – OPINION AND ORDER

for disability insurance benefits ("DIB") under Title II of the Social Security Act. For the reasons discussed below, the Commissioner's decision is affirmed.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff was born in November 1950 and was sixty-two years old at the time of the administrative hearing. AR 36, 125. She speaks English and earned a college degree in hotel and

PAGE 2 – OPINION AND ORDER

restaurant management. AR 215. She has past work experience as a customer service representative, a purchasing agent, and an inventory clerk. AR 150.

Plaintiff filed for disability insurance benefits on February 11, 2013, alleging disability as of September 9, 2011. AR 123-31. Plaintiff's application was denied initially and upon reconsideration, and she requested a hearing before an ALJ. AR 68-71, 76-81. An administrative hearing was held before ALJ John Michaelsen on November 19, 2014. AR 31-47. On January 5, 2015, the ALJ issued a written decision denying Plaintiff's application. AR 17-30. The Appeals Council denied Plaintiff's subsequent request for review on December 11, 2015, making the ALJ's decision final. AR 1-13. This appeal followed.

**B. The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 404.1520 (DIB); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. § 404.1520(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. § 404.1520(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. § 404.1510. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

PAGE 3 – OPINION AND ORDER

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. § 404.1520(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. § 404.1509. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. §§ 404.1520(a)(4)(v); 404.1560(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett,* 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant

PAGE 4 – OPINION AND ORDER

numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante,* 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

After finding that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2014, the ALJ performed the sequential analysis. AR 22. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of September 9, 2011. *Id*. At step two, the ALJ found Plaintiff suffered from the medically determinable impairments of anxiety and a history of possible alcohol abuse/dependence. AR 23. The ALJ then determined that Plaintiff did not have an impairment or combination of impairments that significantly limited her ability to perform basic work-related activities for 12 consecutive months; therefore, the ALJ found Plaintiff does not have a severe impairment of combination of impairments. AR 23 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1. Accordingly, the ALJ concluded that Plaintiff was not disabled. AR 26.

## DISCUSSION

Plaintiff argues that the ALJ erred by (1) rejecting her subjective symptom testimony; and (2) failing to find that her anxiety was a severe impairment.

## A. Plaintiff's Testimony

Plaintiff argues that the ALJ improperly evaluated her subjective symptom testimony. There is a two-step process for evaluating a claimant's testimony about the severity and limiting

PAGE 5 – OPINION AND ORDER

effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345-46).

Effective March 16, 2016, the Commissioner superseded Social Security Rule ("SSR") 96-7p governing the assessment of a claimant's "credibility" and replaced it with a new rule, SSR 16-3p. *See* SSR 16-3p, *available at* 2016 WL 1119029. SSR 16-3p eliminates the reference to "credibility," clarifies that "subjective symptom evaluation is not an examination of an individual's character," and requires the ALJ to consider of all of the evidence in an individual's record when evaluating the intensity and persistence of symptoms. *Id.* at *1-2. The

PAGE 6 – OPINION AND ORDER

Commissioner recommends that the ALJ examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4. The Commissioner recommends assessing: (1) the claimant's statements made to the Commissioner, medical providers, and others regarding the claimant's location, frequency and duration of symptoms, the impact of the symptoms on daily living activities, factors that precipitate and aggravate symptoms, medications and treatments used, and other methods used to alleviate symptoms; (2) medical source opinions, statements, and medical reports regarding the claimant's history, treatment, responses to treatment, prior work record, efforts to work, daily activities, and other information concerning the intensity, persistence, and limiting effects of an individual's symptoms; and (3) non-medical source statements, considering how consistent those statements are with the claimant's statements about his or her symptoms and other evidence in the file. *See id.* at *6-7.

The ALJ's credibility decision may be upheld overall even if not all of the ALJ's reasons for rejecting the claimant's testimony are upheld. *See Batson*, 359 F.3d at 1197. The ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883.

At the administrative hearing, Plaintiff testified that she was significantly limited by anxiety symptoms, which began in September 2011 and resulted in her termination from her most recent job. AR 37. She stated that she experienced significant panic attacks with each attempt to return to work after her alleged onset date. AR 37-38. Plaintiff testified that her panic

symptoms are exacerbated by new places and situations. AR 39. Although she avoids going out in public, she experiences panic attacks monthly. AR 38-39.

The ALJ considered but rejected Plaintiff's testimony to the extent that it conflicted with the RFC, following the two-step process articulated by the Ninth Circuit. AR 24; *Vasquez*, 572 F.3d at 591. As a first reason for rejecting Plaintiff's testimony, the ALJ noted that Plaintiff's activities of daily living contradicted her testimony regarding debilitating anxiety and panic attacks. AR 24. An ALJ may discount a claimant's testimony if it is inconsistent with the claimant's daily activities. *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012).

The ALJ noted that Plaintiff reportedly went outside every day, walked, drove a car, and shopped in stores once per week for thirty minutes. AR 159. She was able to talk on the telephone and visit with others, and she had no problem getting along with family, friends, or neighbors. AR 160-61, 214, 216. Plaintiff also stated that on every other weekend she was able to visit her boyfriend who lived more than 50 miles away. AR 41. These activities arguably contradict Plaintiff's testimony that she was incapacitated by anxiety and that panic symptoms prevented her from going out of doors or engaging in new situations. The ALJ provided a clear and convincing reason for rejecting Plaintiff's testimony regarding the severity of her anxiety- and panic-related limitations. *Molina*, 674 F.3d at 1112-13.

As a second reason for rejecting Plaintiff's testimony, the ALJ considered the gaps in Plaintiff's treatment history. AR 24. Unexplained gaps in a claimant's treatment record can constitute a clear and convincing reason to reject the claimant's testimony. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The ALJ noted that Plaintiff sought no medical treatment between September 2011 and May 2013. AR 24. In June 2013 Plaintiff told psychologist Pamela Roman, Ph.D., that her doctor did not know about her anxiety and that she had never sought treatment for

anxiety. AR 216. Plaintiff also testified that she declined mental health counseling, even though it was available to her. AR 38. Although Plaintiff points out that she lost her insurance in 2011, she does not allege that her failure to seek treatment was due to insolvency or lack of insurance. The gap in Plaintiff's treatment history therefore provides additional weight to the ALJ's credibility determination. *Fair*, 885 F.2d at 603.

Third, the ALJ considered objective medical evidence that conflicted with Plaintiff's testimony. AR 25. Medical evidence that conflicts with a claimant's testimony can support an adverse credibility finding. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ reviewed the results of a May 2013 psychodiagnostic assessment, noting that Plaintiff had appropriate affect, logical and coherent though processes, adequate judgment, normal speech, and average concentration on examination. AR 25, 216-17. The medical record also contains a note from examining nurse practitioner Karen Woodson, NP, that Plaintiff had normal mood and affect and that Plaintiff's anxiety was "mostly related to her concern over getting a job." AR 230. In August 2013 Plaintiff's therapist noted that Plaintiff had only "low-level" anxiety with a generally euthymic mood. AR 237. Treatment records dated December 2013 through June 2014 reveal that Plaintiff's mental status exams were normal and that she did not complain of debilitating anxiety or panic. AR 247, 249, 251, 253, 255, 257, 260, 262, 263, 309-10, 313-16, 319-20. On this record, it was reasonable for the ALJ to conclude that Plaintiff's testimony regarding the nature and extent of her limitations conflicted with the objective medical evidence. The ALJ therefore provided an additional clear and convincing reason for rejecting Plaintiff's testimony. *Rollins*, 261 F.3d at 857.

Thus, the ALJ provided legally sufficient reasons supported by substantial evidence in the record for rejecting Plaintiff's testimony regarding her subjective symptoms of anxiety and panic.

## B. Step Two Findings

Plaintiff also argues that the ALJ erred by failing to find that her anxiety was a severe impairment at step two of the sequential evaluation process. Plaintiff argues that this error was a result of the ALJ's erroneous credibility determination. Because the ALJ's credibility finding was supported by substantial evidence, the court rejects Plaintiff's argument and affirms the ALJ's findings at step two.

## CONCLUSION

The ALJ's decision is affirmed.

**IT IS SO ORDERED**.

DATED this 29th day of March, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 10 – OPINION AND ORDER